IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond J. Smolsky,              :
                Petitioner     :
                                   :
      v.                    :   No. 254 M.D. 2018
                                   :   SUBMITTED:  December 7, 2018
Tyree C. Blocker, Commissioner  :
of The Pennsylvania State Police    :
of the Commonwealth of Pennsylvania, :
                Respondent   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                           FILED:  March 7, 2019

Raymond J. Smolsky has filed with this Court a *pro se* Application for Summary Relief, seeking a declaration that he is not required to register as a sex offender with the Pennsylvania State Police under the Act of February 21, 2018, P.L. 27, No. 10, 42 Pa. C.S. §§ 9799.10-9799.75 (commonly known as Act 10),[1] and that Act 10 is unconstitutional as applied to him under *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa.

---

[1] The Sexual Offender Registration and Notification Act (SORNA), 42 Pa. C.S. §§ 9799.10-9799.41, became effective on December 20, 2012.  In February 2018, the General Assembly enacted Act 10, amending certain provisions of SORNA and adding new sections, 42 Pa. C.S. §§ 9799.42 and 9799.51-9799.75, which became effective immediately.

Specifically, in Subchapter H, the General Assembly modified the registration requirements for individuals who committed offenses on or after SORNA's effective date of December 20, 2012. *See* 42 Pa. C.S. § 9799.11.  Also, in Subchapter I, the General Assembly created new registration requirements for individuals who committed offenses between April 22, 1996 and December 20, 2012, as well as for sex offenders who were required to register under a pre-SORNA statute between April 22, 1996 and December 20, 2012 and whose registration periods had not yet expired. *See* 42 Pa. C.S. § 9799.52.

2016), *cert. denied*, 138 S. Ct. 925 (2018).[2]  However, in light of recent amendments to Act 10 that took place while this matter was pending, we direct the parties to submit supplemental briefs to this Court, limited to the issue of whether Mr. Smolsky is required to register as a sex offender with the Pennsylvania State Police under the Act of June 12, 2018, P.L. 140, No. 29, 42 Pa. C.S. §§ 9799.10-9799.75 (commonly known as Act 29).

## Background

On March 19, 2018, the Pennsylvania State Police sent Mr. Smolsky a letter advising him that he "may be" subject to Act 10's sex offender registration requirements and that he must comply with such requirements by May 22, 2018.  Pet. for Review, 4/12/18, ¶¶ 8-9 & Ex. A.  The letter stated in relevant part:

> Recently Governor Wolf signed into law Act 10 of 2018, which makes significant changes to Pennsylvania's sexual offender registration requirements under 42 Pa. C.S. Chapter 97.  *You have been identified as a sexual offender who may be affected by these changes.*  You are required to report to an approved registration site to be photographed, fingerprinted, and to provide/verify your residence (including temporary residences[]), employment, school information, and any other information required by Act 10.

*Id.*, Ex. A (emphasis added).

On April 12, 2018, Mr. Smolsky filed a *pro se* Petition for Review in this Court's original jurisdiction, seeking relief from Act 10's sex offender registration requirements.  In his Petition for Review, Mr. Smolsky avers that in October 1989, he

---

[2] The *Muniz* Court held that retroactive application of SORNA's registration provisions violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions.  164 A.3d at 1223-25; *accord Com. v. Butler*, 173 A.3d 1212, 1215 (Pa. Super. 2017) ("*Muniz* was a sea change in the longstanding law of this Commonwealth[,] as it determined that the registration requirements under SORNA are not civil in nature but a criminal punishment."), *appeal granted*, 190 A.3d 581 (Pa. 2018).  As stated by the General Assembly, the legislative purpose of the 2018 amendments to SORNA was, *inter alia*, to address the Supreme Court's decision in *Muniz* and the Superior Court's decision in *Butler*.  *See* 42 Pa. C.S. §§ 9799.11(b)(4), 9799.51(b)(4).

was convicted of rape, involuntary deviate sexual intercourse, and corruption of a minor for offenses he committed in 1987. *Id.*, ¶ 8. He further avers that in April 1991, he was sentenced to 22½ to 45 years in prison for those convictions. *Id.* Mr. Smolsky asserts that applying Act 10 to his 1989 convictions is unconstitutional under *Muniz*.

On August 13, 2018, Mr. Smolsky filed a *pro se* Motion for Judgment on the Pleadings, which this Court treated as an Application for Summary Relief under Pennsylvania Rule of Appellate Procedure 1532(b).[3] In his *pro se* Application for Summary Relief and supporting brief, Mr. Smolsky alleges that Act 10 cannot lawfully be applied to him because he was convicted in 1989, prior to SORNA or any other law requiring sex offender registration. Appl. for Summ. Relief, 8/13/18, at 1-2; Br. in Support of Appl. for Summ. Relief, 9/19/18, at 2. Smolsky seeks a declaration that Act 10 is unconstitutional as applied.

In response, Tyree C. Blocker, Commissioner of the Pennsylvania State Police, argues that: (1) *Muniz*'s holding does not apply to Act 10 because Act 10 was enacted after, and in response to, *Muniz*; and (2) Act 10 does not violate the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Resp. to Appl. for Summ. Relief, 8/16/18, at 1-7.

### Analysis

Both Mr. Smolsky's Petition for Review and his Application for Summary Relief challenge his registration obligation under Act 10, which was the version of the statute in effect at the time he filed his Petition for Review. However, on June 12, 2018, the General Assembly reenacted and amended some provisions of Act 10 in Act 29, which became effective immediately. Significantly, neither Mr. Smolsky nor Mr. Blocker has addressed Act 29 before this Court. Because Act 29 took effect before the filing of Mr.

---

[3] Pennsylvania Rule of Appellate Procedure 1532(b) states: "At any time after the filing of a petition for review in an appellate or original jurisdiction matter[,] the court may on application enter judgment if the right of the applicant thereto is clear." Pa. R.A.P. 1532(b).

3

Smolsky's Application for Summary Relief, and is now the only statute under which Mr. Smolsky could be compelled to register as a sex offender, we must examine Act 29's applicability to Mr. Smolsky.

Mr. Smolsky avers that he was convicted of rape, involuntary deviate sexual intercourse, and corruption of a minor in October 1989 for offenses he committed in 1987 and that he was sentenced in April 1991 to 22½ to 45 years in prison. Pet. for Review, ¶ 8. He also avers that he was released on parole in April 2017. Br. in Support of Appl. for Summ. Relief, 9/19/18, at 4-5; Appl. for Leave to Proceed In Forma Pauperis, 4/12/18, at 2. In his Answer to Mr. Smolsky's Petition for Review, Mr. Blocker baldly denies Smolsky's averments regarding his criminal convictions and related sentence. Ans. to Pet. for Review, 6/14/18, ¶ 8.[4]

Subchapter H of Act 29, titled "Registration of Sex Offenders," states in Section 9799.11(c) that its provisions "shall apply to individuals *who committed a sexually violent offense on or after December 20, 2012*, for which the individual was convicted." 42 Pa. C.S. § 9799.11(c) (emphasis added). Subchapter I of Act 29, titled "Continued Registration of Sex Offenders," states in Section 9799.52 that its provisions shall apply to individuals

> (1) *convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012*, whose period of registration with the Pennsylvania State Police, as described in section 9799.55 (relating to registration), has not expired; or
>
> (2) *required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012*, whose period of registration has not expired.

---

[4] We note, however, that Mr. Blocker has offered no facts to dispute Mr. Smolsky's averments regarding his convictions and sentence in any of his filings with this Court.

42 Pa. C.S. § 9799.52 (emphasis added); *see also* 42 Pa. C.S. § 9799.55 (setting forth the registration requirements for various categories of sex offenders). Therefore, by its plain terms, it appears that Act 29 may not even apply to Mr. Smolsky, based on the date of his underlying offenses and the date of his release on parole.[5]

We recognize that the basis for Mr. Smolsky's request for summary relief is his assertion that Act 10 (now Act 29) is unconstitutional as applied under *Muniz*. However, we must determine, in the first instance, if the registration requirements of Act 29 apply to Mr. Smolsky at all. If Act 29 does not apply to Mr. Smolsky, then his constitutional question is moot.

Accordingly, because neither party has briefed this crucial issue, we direct the parties to file supplemental briefs with this Court, limited to the issue of whether the registration requirements of Act 29 apply to Mr. Smolsky.

_____
ELLEN CEISLER, Judge

---

[5] In its March 19, 2018 letter to Mr. Smolsky, the Pennsylvania State Police even acknowledged that Mr. Smolsky's registration obligation under Act 10 was not certain, stating that Mr. Smolsky "*may be*" impacted by the new law. *See* Pet. for Review, 4/12/18, Ex. A (emphasis added).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond J. Smolsky,           :
           Petitioner      :
                              :
    v.                     :    No. 254 M.D. 2018
                              :
Tyree C. Blocker, Commissioner    :
of The Pennsylvania State Police     :
of the Commonwealth of Pennsylvania,  :
           Respondent    :

# **O R D E R**

AND NOW, this 7th day of March, 2019, we hereby direct Raymond J. Smolsky to file with this Court a supplemental brief in support of his Application for Summary Relief, limited to the issue of whether he is required to register as a sex offender with the Pennsylvania State Police under the Act of June 12, 2018, P.L. 140, No. 29, 42 Pa. C.S. §§ 9799.10-9799.75 (commonly known as Act 29). Mr. Smolsky shall file his supplemental brief within 30 days of the date of this Order. Tyree C. Blocker shall have 30 days after the filing and service of Mr. Smolsky's supplemental brief to file a responsive brief limited to the same issue.

_____
ELLEN CEISLER, Judge